ROGERS, J.
 

 Plaintiff’s suit was dismissed on an exception of no cause of action and she has appealed from the judgment.
 

 Plaintiff, in her petition, alleges that in the year 1897 she acquired as widow in community of her deceased husband, Valmont J. Fontenot, a certain farm, implements, teams, cattle, and stock in the parish of St. Landry, of a valuation of $1,168.25. That she had no one to work the farm and employed the defendant, who then owned nothing but a few head of cattle, valued at $100, to do so on a share basis. That defendant was married, but his wife had deserted him and was living with another man, which defendant represented entitled him to a divorce. That defendant proposed to petitioner that he would obtain a divorce if petitioner would consent to marry him, which she consented to do. That petitioner is illiterate and unfamiliar with legal formalities, and that defendant, pretending that he was obtaining a divorce, persuaded her to appear before a notary and enter into a contract of universal partnership.
 
 *470
 
 That under the contract petitioner and the defendant pooled all their means and properties conditioned on an agreement to share equally in the produce of the properties and of their personal industry. That the notary represented the contract was sufficient to serve as a marriage contract on the marriage of the contracting parties after defendant would obtain his divorce. That the contract, which was recorded in Donation Book No. 5, at page 154, of the parish records, is attached to and made part of -the petition.
 

 That the defendant did not obtain his divorce until the year 1918, and has refused to carry out his promise of marriage and petitioner has discovered that defendant was at all times actuated by a fraudulent design to filch and absorb petitioner’s property for his own selfish gain without any reciprocal legal duty to petitioner. That during the existence of the partnership, defendant induced petitioner to part with all her property and to entrust him with the investment of the proceeds thereof as well as with the proceeds of their manual labor and a small sum of money which she inherited, and that he subsequently made purchases of other property in his individual name for account of their partnership. Petitioner then describes this property and alleges that its aggregate value is $6,750.
 

 Petitioner further alleges that defendant pretends to own all the property belonging to their partnership and denies petitioner’s half-interest therein, “hence, petitioner desires to be decreed the owner of an undivided half thereof and to terminate said partnership and to have a liquidation and settlement of the same, and to receive her half thereof.”
 

 The prayer of the petition is for the citation of the defendant and for a judgment against him, “decreeing her (petitioner) to he the owner of an! undivided half of all the property, both movables and immovables, standing in the name of Amas Emile Manuel, and ordering a partition thereof and final liquidation and settlement of the partnership now existing between them.” The prayer also requests the appointment of a notary to ¡make an inventory of the property and that the parties be finally referred to a notary to complete the partition and settlement of the partnership.
 

 The notarial contract referred to in the petition, omitting the formal parts, reads as follows, viz.:
 

 “Personally came and appeared: 1st. Amas Manuel, and 2nd. Pauline Fontenot, widow of Valmon J. Fontenot, deceased, both residents in L’Anse Au Paille, aforesaid Parish, who in view of their future union in marriage enter into the following contract and agreement, viz.:
 

 “Article 1st. It is mutually agreed that the civil clauses and conditions of the community that shall exist between them' shall be regulated as follows, viz.:
 

 “Article 2nd. That all property now owned or possessed by each contracting party, or which may come into their possession in future by inheritance or donation, as well as all increase of the property now owned, shall not be recognized as community property, nor used in payment of any debt or debts contracted by the other phrty.
 

 “Article 3rd. All debts due by either of the contracting parties previous to their union in marriage shall be canceled or paid by the party contracting the same. Then
 

 “Amas Manuel declares that he now has the following property, to-wit: (1) six heads of horned cattle, (2) one saddle horse, (3) one bed
 
 *472
 
 and bedding, amounting in all to the sum of One Hundred Dollars, and Mrs. Pauline Fontenot being present and declared that she accepts the above estimation, and establishing the following, viz.:
 

 “That all the property now in her possession is held by virtue of an act of a family council held before me undersigned notary on the 19th day of June last, 1897, by which all the property in community between her and her heirs, the issue of her marriage with Valmon J. Fontenot, deceased, was'adjudicated to her at the price of the appraisement thereof made by Erteluce T. Lafleure and Ertomon Lafleure, competent experts, amounting to the sum of Eleven Hundred and sixty-eight
 
 &
 
 25/100 dollars; which said property together with its increase shall not enter into or compose any part of the community that shall exist between .the present contracting parties; Amas Manuel accepts the above and foregoing conditions and the said parties 'declared that at the dissolution of the projected community that all property acquired during their said union shall be disposed of in accordance to the provisions of the Civil Code of Louisiana.”
 

 The allegations of plaintiff’s petition construed with reference to the prayer of the petition and the contract thereto annexed indubitably stamps plaintiff’s action as one to establish a universal partnership and to recognize her right to share in the defendant’s property by virtue of the alleged partnership.
 

 The Code defines a universal partnership as follows, viz.:
 

 “Universal partnership is a contract by which the parties agree to make a common stock of all the property they respectively possess; they may extend it to all property real or personal, or restrict it to personal only; they may, as in other partnerships, agree that the property itself shall be common stock or that the fruits only shall be such; but property which may accrue to one of the parties, after entering into the partnership, by donation, succession or legacy, does not become common stock, and any stipulation to that effect, previous to the obtaining the property aforesaid, is void.” Civ. Code, art. 2829.
 

 The contract must be reduced to writing and recorded. Civ. Code, art. 2834.
 

 A mere reading of the contract declared on by plaintiff discloses that, with the exception of being in writing, it does not contain any of the elements required for a universal partnership. The agreement does not undertake to make common stock of all the property possessed by the parties or of the fruits of such property. On the contrary, the agreement expressly provides that none of the property or its increase owned or possessed by either party shall be recognized as community property nor be used in payment of any debt or debts of the other party.
 

 The agreement both in form and substance is nothing more than an antenuptial agreement entered into by the parties in contemplation of their future marriage, which, however, after a lapse of twenty-one years did not take place. Civ. Code, arts. 2325, 2328, 2329. 'In the very beginning of the contract the parties declare that they enter into it, “in view of their future union in marriage.” Then follows the stipulations and conditions of the agreement, the purport of which is to regulate the community of acquets and gains that is to exist between them after their marriage, so that all the property owned by the parties at the time, or acquired by them by inheritance or donation after their contemplated marriage, and all the fruits of such pi^perty, shall be and remain the separate
 
 *474
 
 property of the respective owners. The same result would have followed the, marriage of the parties irrespective of the agreement. The agreement, however, would have served a useful purpose in putting of record the character and value of the property owned by each of the parties in the event the contemplated marriage had taken place.
 

 We are therefore of the opinion that the exception of no cause of action is well founded and was properly sustained. As we presently see it, plaintiff’s remedy is for an accounting of the money and property which she turned over to the defendant.
 

 For the reasons assigned, the judgment appealed from is affirmed.